TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00326-CR






Abraham Garcia, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 50,642, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






Appellant Abraham Garcia was released on bond pending trial on an indictment
accusing him of burglary of a habitation. He subsequently failed to appear in accordance with the
conditions of that bond. Based on this evidence, a jury found appellant guilty of failing to appear
and assessed punishment, enhanced by a previous felony conviction, at imprisonment for eighteen
years and a $1500 fine. See Tex. Penal Code Ann. § 38.10(a) (West 1994).

The pending burglary indictment was introduced in evidence by the State during
the guilt phase of trial. Appellant concedes that the indictment was admissible to prove that the
offense for which his appearance was required was a felony, and thus to establish the district
court's jurisdiction. See id. § 38.10(f). Appellant contends, however, that the court erred by
admitting the enhancement paragraph of the burglary indictment, which alleged a previous felony
conviction for aggravated assault with a deadly weapon. He urges that his previous assault
conviction was irrelevant to the question of whether he failed to appear for the burglary trial. See
Tex. R. Evid. 401, 402. 

The State replies that the enhancement paragraph of the burglary indictment was
admissible at the guilt stage to show appellant's motive for failing to appear. See Tex. R. Evid.
404(b). Because of his previous conviction, appellant faced a possible life sentence if convicted
of the burglary rather than a maximum term of twenty years' imprisonment. See Tex. Penal Code
Ann. § 12.42(b) (West Supp. 2001). Appellant responds that the State's argument fails in the
absence of any evidence that he appreciated the significance of the enhancement allegation.

We believe that the possibility of an enhanced punishment upon conviction for the
burglary was a fact tending to make it more probable that appellant's failure to appear was
intentional or knowing, even in the absence of proof that appellant had been told or otherwise
knew the legal significance of the enhancement allegation. (1) As a consequence, we conclude that
the court did not abuse its discretion by refusing to redact the enhancement paragraph from the
burglary indictment before admitting it in evidence at the guilt stage of appellant's trial. 

If the court did err by overruling appellant's objection, however, we also conclude
that the admission of the enhancement paragraph did not affect appellant's substantial rights. See
Tex. R. App. P. 44.2(b). During jury selection, counsel for both the State and appellant
emphasized to the panelists that appellant's guilt of the alleged burglary offense was irrelevant in
this trial for failing to appear. (2) Only three witnesses testified at the guilt stage of trial: the owner
of the bail bond company, the employee of the bond company who attempted to notify appellant
of his trial setting, and the bailiff who called appellant's name in the courthouse lobby. The only
contested issue was whether appellant had been given adequate notice to appear. This was also
the subject that dominated the jury arguments at the close of the guilt stage. (3) No reference was
made during argument to the enhancement paragraph contained in the burglary indictment. Under
the circumstances shown here, any error in the admission of the enhancement paragraph did not
have a substantial and injurious influence in determining the jury's guilty verdict. See King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Appellant's sole issue is overruled and the judgment of conviction is affirmed.



 __________________________________________

 Lee Yeakel, Justice


Before Chief Justice Aboussie, Justices Yeakel and Patterson


Affirmed


Filed: March 15, 2001


Do Not Publish
1. Appellant does not contend that the probative value of the evidence was outweighed by the
danger of unfair prejudice. See Tex. R. Evid. 403.
2. The prosecutor admonished the panelists that it would be "improper" for them to consider
whether or not appellant "committed the other offense." Defense counsel emphasized that the
presumption of innocence attached to the alleged burglary, just as it did to the alleged failure to
appear for which appellant was on trial.
3. Appellant expressly declined a jury instruction limiting the jury's consideration of the
challenged evidence to the issues of motive and intent, and none was given.






Appellant Abraham Garcia was released on bond pending trial on an indictment
accusing him of burglary of a habitation. He subsequently failed to appear in accordance with the
conditions of that bond. Based on this evidence, a jury found appellant guilty of failing to appear
and assessed punishment, enhanced by a previous felony conviction, at imprisonment for eighteen
years and a $1500 fine. See Tex. Penal Code Ann. § 38.10(a) (West 1994).

The pending burglary indictment was introduced in evidence by the State during
the guilt phase of trial. Appellant concedes that the indictment was admissible to prove that the
offense for which his appearance was required was a felony, and thus to establish the district
court's jurisdiction. See id. § 38.10(f). Appellant contends, however, that the court erred by
admitting the enhancement paragraph of the burglary indictment, which alleged a previous felony
conviction for aggravated assault with a deadly weapon. He urges that his previous assault
conviction was irrelevant to the question of whether he failed to appear for the burglary trial. See
Tex. R. Evid. 401, 402. 

The State replies that the enhancement paragraph of the burglary indictment was
admissible at the guilt stage to show appellant's motive for failing to appear. See Tex. R. Evid.
404(b). Because of his previous conviction, appellant faced a possible life sentence if convicted
of the burglary rather than a maximum term of twenty years' imprisonment. See Tex. Penal Code
Ann. § 12.42(b) (West Supp. 2001). Appellant responds that the State's argument fails in the
absence of any evidence that he appreciated the significance of the enhancement allegation.

We believe that the possibility of an enhanced punishment upon conviction for the
burglary was a fact tending to make it more probable that appellant's failure to appear was
intentional or knowing, even in the absence of proof that appellant had been told or otherwise
knew the legal significance of the enhancement allegation. (1) As a consequence, we conclude that
the court did not abuse its discretion by refusing to redact the enhancement paragraph from the
burglary indictment before admitting it in evidence at the guilt stage of appellant's trial. 

If the court did err by overruling appellant's objection, however, we also conclude
that the admission of the enhancement paragraph did not affect appellant's substantial rights. See
Tex. R. App. P. 44.2(b). During jury selection, counsel for both the State and appellant
emphasized to the panelists that appellant's guilt of the alleged burglary offense was irrelevant in
this trial for failing to appear. (2) Only three witnesses testified at the guilt stage of trial: the owner
of the bail bond company, the employee of the bond company who attempted to notify appellant
of his trial setting, and the bailiff who called appellant's name in the courthouse lobby. The only
contested issue was whether appellant had been given adequate notice to appear. This was also
the subject that dominated the jury arguments at the close of the guilt stage. (3) No reference was
made during argument to the enhancement paragraph contained in the burglary indictment. Under
the circumstances shown here, any error in the admission of the enhancement paragraph did not
have a substantial and injurious influence in determining the jury's guilty verdict. See King v.
State, 953 S.W.2d 266, 271 (Tex. Crim